UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S‍YMONE M‍ONIQUE R‍UNELS,

    Petitioner,

v.

W‍ARDEN H‍OWARD,

    Respondent.

_____/

Case No. 20-cv-12416

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DECLINING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Symone Monique Runels, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. She challenges her sentence for second-degree murder, M.C.L.A. 750.317, and torture, M.C.L.A. 750.85. *Id*. For the following reasons, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE**.

1

## I.   BACKGROUND

Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court as part of a plea agreement. She was sentenced to 30 to 60 years in prison. Both her conviction and sentence were affirmed on appeal. *People v. Runels,* No. 348156 (Mich.Ct.App. May 1, 2019); *lv. den.* 504 Mich. 960, 932 N.W.2d 606 (2019).

Petitioner seeks a writ of habeas corpus on the following ground:

> Petitioner was denied her U.S. Constitutional right to due process when the trial court denied her the right to meaningful allocution by failing to ascertain evidence of the causes of her criminal character or conduct.

ECF No. 1, PageID.3. She also appears to argue that her sentence of 30 to 60 years was disproportionate to her offense conduct and potential for rehabilitation. *Id.* at PageID.5-6.

## II.   LAW & ANALYSIS

### A. Legal Standard

As amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

2

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also

3

authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). In this Circuit, therefore, a district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claims do not entitle her to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

4

## B. Discussion

As stated above, Petitioner claims that her due process rights were violated because she was not afforded an opportunity for meaningful allocution at sentencing. ECF No. 1, PageID.3. Petitioner also appears to argue that her sentence of 30 to 60 years was disproportionate to her offense conduct and rehabilitative potential. *Id.* at PageID.5-6.

Petitioner first argues she was denied the right to allocution at sentencing. However, this claim is subject to summary dismissal because it is non-cognizable on federal habeas review. *See Rincones v. Rapelje*, No. 1:09-CV-833, 2009 WL 3233957, at * 2 (W.D. Mich. Sept. 30, 2009) (holding trial court's alleged failure to provide petitioner with a meaningful opportunity for allocution before sentencing did not violate federal law or the federal Constitution and was thus not cognizable on federal habeas review). There is no right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)); *See also United States v. Richardson*, 948 F.3d 733, 744 (6th Cir. 2020) ("There is no constitutional right to allocution."). Therefore, "[a] trial court's failure to afford a defendant the right of allocution raises neither a jurisdictional nor a constitutional error cognizable in habeas." *Scrivner v. Tansy*, 68 F. 3d 1234, 1240 (10th Cir. 1995) (citing *Hill*, 368

5

U.S. at 428); *See also Cooey v. Coyle,* 289 F. 3d 882, 912 (6th Cir. 2002) (finding a denial of allocution claim "should not be part of any certificate of appealability").

Petitioner also contends that her sentence of 30 to 60 years for second-degree murder and torture is disproportionate. However, the Court concludes Petitioner fails to state a claim for federal habeas relief. The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between a crime and sentence. Rather, the Eighth Amendment forbids "only extreme sentences that are grossly disproportionate to the crime." *Id.* at 1001 (internal quotation marks omitted).

Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F. 3d 298, 302 (6th Cir. 2000). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (*citing Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd*

6

*v. Million*, 260 F. App'x. 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

In the present case, petitioner's sentence of 30 to 60 years in prison was within the statutory limits for the offenses of second-degree murder and torture. The trial judge sentenced petitioner to less than the maximum sentence of life imprisonment. Moreover, petitioner's minimum sentence of 30 to 60 years was within the sentencing guidelines range of 18.75 to 31.75 years. "In Michigan, sentences within a correctly scored guidelines range are presumptively proportionate." *Hastings v. Yukins,* 194 F. Supp. 2d 659, 673-674 (E.D. Mich. 2002) (citing *People v. Bailey*, 218 Mich. App. 645, 647; 554 N. W. 2d 391 (1996)). Thus, the Court concludes that petitioner's sentence of 30 to 60 years in prison for second-degree murder and torture

7

was not extreme or grossly disproportionate to the offense or to the offender, so as to entitle her to habeas relief. *See Austin,* 213 F.3d at 302 (sentence of 40 to 60 years in prison for second-degree murder not disproportionate, even though it exceeded sentencing guidelines range of 12-25 years). Therefore, the petition for writ of habeas corpus is denied.

### III. CERTIFICATE OF APPEALABILITY

The Court denies a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated above, petitioner failed to make a substantial showing of the denial of a federal constitutional right, and a certificate of appealability is therefore denied. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The

8

Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **SUMMARILY DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2022

9

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 22, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager